1
2
3
4
5
6

Brian D. Chase, Esq. (SBN 164109)
*bchase@bisnarchase.com*
Jerusalem F. Beligan, Esq. (SBN 211258)
*jbeligan@bisnarchase.com*
Daniel J. Hyun, Esq. (SBN 309184)
*dhyun@bisnarchase.com*
**BISNAR | CHASE LLP**
1301 Dove Street, Suite 120
Newport Beach, California 92660
Telephone: (949) 752-2999
Facsimile: (949) 752-2777

7

Attorneys for Plaintiff and Putative Classes

8
9

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JAYME BROWN, individually, and on behalf of all others similarly situated,

                    Plaintiff,

          vs.

EDELMAN FINANCIAL SERVICES, LLC; and DOES 1 through 10, inclusive,

                    Defendants.

Case No.

**COLLECTIVE AND CLASS ACTION**

1. **Violation of the Federal Minimum Wage (FLSA, 29 U.S.C. § 206);**
2. **Violation of the Federal Overtime Requirements (FLSA, 29 U.S.C. §§ 201-219);**
3. **Violation of the California Minimum Wage (Cal. Lab. Code §§ 208, 1194);**
4. **Violation of California's Overtime Requirements (Cal. Lab. Code §§ 510, 1194);**
5. **Violation of California's Meal-and-Rest Break Requirements (Cal. Lab. Code §§ 226.7, 512);**
6. **Failure to Provide Accurate Wage Statements in Violation of California Law (Cal. Lab. Code §§ 226, 1174);**
7. **Failure to Timely Pay Wages to Terminated Employees (Cal. Lab. Code §§ 201-203); and**
8. **Violation of California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

**DEMAND FOR JURY TRIAL**

    1.    Plaintiff Jayme Brown ("Plaintiff"), individually and on behalf of herself and classes of those similarly situated, for her complaint against Defendants Edelman Financial Services, LLC and DOES 1 through 10 (collectively,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

"Defendants"), alleges as follows:

## I.    INTRODUCTION AND FACTUAL BACKGROUND

2.    Plaintiff brings this case as a nationwide collective action under the Fair Labor Standards Act ("FLSA") and as a Rule 23 class action under the Federal Rules of Civil Procedure ("Rule 23") against Defendants for, among other things: (a) nonpayment of minimum wages; (b) nonpayment of overtime wages; (c) nonprovision of meal-and-rest breaks; (d) failure to provide accurate wage statements; and (e) for failure to pay all wages due upon termination of employment.

3.    Edelman Financial Services, LLC touts itself to be one of the nation's largest independent financial planning firms, managing more than $20.6 billion in assets for more than 34,000 investors across the country.

4.    Edelman Financial Services, LLC operates numerous branches in several states including, but not limited to, Arizona, California, Florida, Illinois, Maryland, Massachusetts, Michigan, Missouri, New York, Ohio, Pennsylvania, Texas, Utah, and Virginia.

5.    For the four years prior to the filing of this complaint to the present (the "Class Period"), Edelman has and continues to employ Client Service Associates, Registered Client Services Associates, Senior Registered Client Services Associates and similarly situated current and former employees of Defendants holding comparable positions but different titles (collectively the "CSAs"). The CSAs are not managerial, administrative, or professional employees and therefore are entitled to overtime and mandatory meal-and-rest breaks. Simply put, the CSAs assist and provide support to one or more Financial Planners. Specifically, their primary duties consist of selling financial products and their other nonexempt duties consist of executing investment buy and/or sell orders, researching client issues, preparing client documents, maintaining files, greeting clients in the office, assisting clients, opening accounts, closing accounts, verifying client income and net worth, accepting deposits

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and initiating withdrawals, completing reports, conducting financial research, client updates, transferring accounts, attending meetings, initiating check requests, wires and electronic transfers, scheduling appointments, general clerical duties, and handling telephone calls (the "Nonexempt Duties").

6.     Despite performing only Nonexempt Duties, Defendants uniformly, and as a matter of company-wide policy, classified the CSAs as exempt employees and paid them a fixed salary, regardless of the actual hours they worked.

7.     During the Class Period, the CSAs regularly and consistently worked more than 8 hours in a day and more than 40 hours in a week.  However, as a result of Defendants' misclassification of the CSAs, Defendants did not pay the CSAs regular wages for all non-overtime hours worked and did not pay the CSAs overtime wages for all hours worked in excess of 8 hours in a day or 40 hours in a week.  Indeed, according to Defendants' Company Policy and Procedure Handbook (the "Employee Handbook") distributed to the CSAs, employees who are classified as exempt by Defendants, such as the CSAs, are "paid on a fixed salary basis and not entitled to overtime."

8.     In addition, because Defendants uniformly classified the CSAs as exempt employees, Defendants failed to provide the CSAs compliant meal-and-rest periods, and failed to pay the CSAs premium wages for meal-and-rest period violations.  Moreover, Defendants' meal-and-rest break policy in the Employee Handbook does not comport or give full effect to California's meal-and-rest break laws.  As a result, the CSAs in California were not provided off-duty, uninterrupted 30-minute meal breaks, free from employer control, for every 5 hours worked.  Indeed, the CSAs regularly worked through their meal periods, but were not paid wages for the time worked, nor were they paid an additional hour of pay for not being provided meal periods of at least 30-minute meal periods, free from employer control, during which they could leave the premises.  The CSAs in California were also not provided

**COLLECTIVE AND CLASS ACTION COMPLAINT**

off-duty, uninterrupted 10-minute rest breaks for every four hours worked or major fraction thereof.  The CSAs in California were not paid an additional hour of pay or premium wages for these meal-and-rest break violations.

9.      Moreover, and as a result of Defendants' failure to accurately record all hours worked by the CSAs and by failing to pay them for all hours worked, Defendants did not provide the CSAs with accurate wage statements.

10.      By uniformly misclassifying the CSAs as exempt employees and paying them a fixed salary, regardless of all the hours they worked, Defendants violated the FLSA and California law.

## II.    THE PARTIES

### A.    The Plaintiff

11.      Plaintiff currently resides in Irvine, California.  She will serve as an adequate, typical and active participant and class representative for a proposed FLSA Class and California Class and/or Subclasses under Rule 23.  Plaintiff was employed by Defendants as a CSA in their branch located in Costa Mesa, California from December 2014 to November 2017.

12.      Plaintiff performed the same Nonexempt Duties as the other CSAs during the Class Period.  Similar to the other CSAs, Plaintiff was classified as an exempt employee and was paid a fixed salary.

13.      During the Class Period, Plaintiff regularly and consistently worked more than 8 hours in a day and 40 hours a week, without receiving wages for all non-overtime hours worked and overtime compensation at the rate of one and one-half times her regular rate of pay as required by federal and state law.

14.      Due to the uniform and company-wide misclassification of the CSAs as exempt employees, Plaintiff too was systematically denied compliant meal-and-rest periods and was not paid premium wages for meal-and-rest period violations during the Class Period.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

15.     Plaintiff consents to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256.  Plaintiff's Consent to Join Form is attached hereto as Exhibit A.

**B.     The Defendants**

16.     Defendant Edelman Financial, LLC ("Edelman") is a limited liability company that provides financial planning services and manages more than $20.6 billion in assets for investors throughout the country.  Edelman is headquartered in Fairfax, Virginia.  Edelman operates numerous branches in 16 states, including California where it operates branches in Costa Mesa, Pasadena, San Diego, Silicon Valley, Walnut Creek, Los Angeles, and Woodland Hills.  Edelman operates more branches in California than any other state.  In each branch, Edelman employed and continues to employ CSAs.  The illegal and unlawful practices described herein were performed in Edelman's branches throughout the country.

17.     The true names and capacities, whether individual, corporate, associate or otherwise, of DOES 1 through 10 are presently unknown to Plaintiff as the corporate structure of Defendants and the individuals and/or entities responsible are not yet known but will be determined through discovery, who therefore sues these defendants by fictitious names.  Plaintiff further alleges that each of these fictitious defendants is in some manner responsible for the acts and occurrences set forth herein. Plaintiff will amend this complaint to show these defendant's true names and capacities when ascertained, as well as the manner in which each fictitious defendant is responsible.

**III.   JURISDICTION AND VENUE**

18.     This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 16(b) of the FLSA, 29 U.S.C. § 216(b).  This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff's proposed classes; (2) at least some members of the proposed classes have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.    In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's California wage-and-hour law claims, because those claims derive from a common nucleus of operative facts.

19.    Jurisdiction and venue as to Defendants are proper in this judicial district, County and/or Federal District Court, pursuant to 28 U.S.C. §§ 1331 and/or 1332 and 216(b) of the FLSA, 29 U.S.C. § 216(b).  Although it is headquartered in Fairfax, Virginia, Edelman conducts and transacts substantial business in and throughout California, including Orange County, California, has employed and continues to employ CSAs in this County, and has and continues to systematically employ the illegal policies and practices described above in this County.  As a result, jurisdiction and venue are appropriate either in the Superior Court of Orange County in the State of California, or alternatively, in the Federal District Court in the Central District of California pursuant to 28 U.S. C. § 1331.

20.    The Central District of California has personal jurisdiction over Defendants because: (1) they operate within this District; (2) are qualified with the California Secretary of State to do business and is doing business in California, and in this District; and (3) because many of the acts complained of occurred in this State and this District and gave rise to the claims alleged.

21.    Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), because Defendants operate within this District and a substantial part of events giving rise to the violations of the FLSA and California law occurred therein.

22.    The unlawful acts alleged herein have a direct effect on Plaintiff and those similarly situated within the State of California and throughout the United States, including, without limitation, Arizona, Florida, Illinois, Maryland,

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Massachusetts, Michigan, Missouri, New York, Ohio, Pennsylvania, Texas, Utah, and Virginia.

23.    California Business & Professions Code § 17204 provides that any person acting on his or her own behalf may bring an action in a court of competent jurisdiction.   Thus, either of the above-reference courts maintains appropriate jurisdiction to hear this matter.

## IV.    SUMMARY OF CLAIMS

24.    Plaintiff JAYME BROWN was employed by Defendants as a CSA from in or about December 2014 to November 2017 at Defendants' Costa Mesa, California branch.   During Plaintiff's employment with Defendants, and as a result of Defendants' policy, pattern or practice, Plaintiff's primary duties consisted of selling financial products and performing other Nonexempt Duties despite being classified as an exempt employee.

25.    As a result of Defendants' policy, pattern or practice, Plaintiff regularly and consistently worked more than 8 hours in a day and 40 hours a week, without receiving wages for all non-overtime hours worked and overtime compensation at the rate of one and one-half times her regular rate of pay as required by federal and state law.

26.    In addition, due to the uniform and company-wide misclassification of the CSAs as exempt employees, Plaintiff too was systematically denied compliant meal-and-rest periods and was not paid premium wages for meal-and-rest period violations during the Class Period.

27.    The following paragraphs define the FLSA Class and the California Class.

28.    Plaintiff brings this class action on behalf of herself and all persons who were employed by Defendants throughout the United States as CSAs and who were classified by Defendants as exempt employees and paid a fixed salary and therefore

**COLLECTIVE AND CLASS ACTION COMPLAINT**

not paid regular wages for non-overtime hours worked, and not paid overtime for all overtime hours worked (the "FLSA Class"). Plaintiff seeks to recover damages for the FLSA Class for the three years prior to the date of the filing of this complaint (the "FLSA Class Period").

29.    Plaintiff also brings this action on behalf of all persons who either were employed by Defendants in California and/or performed work in California as CSAs (the "California Class") and who were subject to the same or similar illegal policies and practices during the four years prior to the date of the filing of this Complaint (the "California Class Period").

30.    Each of the following allegations pertains and applies to Plaintiff, the FLSA Class and California Class equally throughout all or a substantial part of the proposed FLSA Class Period and California Class Period. For purposes of simplicity, collective reference to both the FLSA Class and the California Class are referred to as the proposed "Plaintiff Classes" and the proposed respective Class Periods are referred to as the "Relevant Time Periods":

a)    The obligations and responsibilities of Defendants' CSAs are virtually identical from region to region, district to district, branch to branch, and employee to employee. Any differences in job duties between the different individuals in these positions were and are legally insignificant to the issues presented by this action. Defendants misclassified the CSAs as exempt employees and paid them a fixed salary, regardless of the actual hours they worked. The same policies, procedures, employee handbooks and manuals were distributed to the CSAs. As such, the policies, practice and procedures are uniformly applied to the CSAs which means individual issues will not predominate, and in fact, all issues are systematically linked, related and common, both in terms of facts and law, for Plaintiff and each of the proposed members of the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Plaintiff Classes during the Relevant Time Periods.

b)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the Proposed Plaintiff Classes regularly, uniformly, and systematically were not properly paid for all hours worked by them as a result of (i) Defendants' illegal and unlawful misclassification of the CSAs as exempt, and (ii) Defendants' policy and company-wide practice of paying the CSAs a fixed salary, regardless of the actual hours worked by the CSAs.

c)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically not paid the federal minimum wage for all hours worked in violation of the FLSA, 29 U.S.C. § 206.

d)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically required by Defendants to work in excess of 40 hours per week during the proposed Relevant Time Periods without being paid the requisite overtime wage required by the FLSA.

e)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically not paid the California minimum wage for all hours worked in violation of California Labor Code § 1194.  Plaintiff and each member of the proposed Plaintiff Classes who were not paid the California minimum wage rate for each and every hour worked are all part of the "California Minimum Wage Subclass" as further alleged herein.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

f)   As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically required by Defendants to work in excess of eight hours per day and/or required to work in excess of 40 hours per week during the proposed Relevant Time Periods without being paid the requisite overtime wage required by California Labor Code §§ 510, 1194, and the applicable California Industrial Welfare Commission ("IWC") Wage Order.  Plaintiff and each member of the proposed Plaintiff Classes who were not paid overtime wages at the requisite rate for overtime hours worked in violation of California law are all part of the "California Overtime Subclass" as further alleged herein.

g)   As a matter of course during all or a substantial portion for each of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically prohibited by Defendants from taking timely, compliant, uninterrupted unpaid 30-minute meal periods for periods of approximately every five hours worked as required by California Labor Code §§ 226.7, 512 and the applicable IWC Wage Order, nor were Plaintiff or members of the proposed Plaintiff Classes paid a one-hour "premium wage" at their regular rate of hourly pay for each missed, short, late or interrupted meal period.  Plaintiff and each member of the proposed Plaintiff Classes who were not provided timely, uninterrupted and duty-free meal periods, nor paid a "premium wage" in lieu thereof, are all part of the "California Meal Period Subclass" as further alleged herein.

h)   As a matter of course during all or a substantial portion of the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were regularly, uniformly, and systematically prohibited by Defendants from taking timely, compliant, uninterrupted paid 10-minute rest periods for approximately every four hours worked as required by California Labor Code §§ 226.7, 512 and the applicable IWC Wage Order, nor were Plaintiff or members of the proposed Plaintiff Classes paid a one-hour "premium wage" at their regular rate of hourly pay for each missed, short, late or interrupted rest period. Plaintiff and each member of the proposed Plaintiff Classes who were not provided timely, uninterrupted and duty-free rest periods, nor paid a "premium wage" in lieu thereof, are all part of the "California Rest Period Subclass" as further alleged herein.

i)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes were not provided true, accurate, and properly itemized pay statements or wage statements setting forth all hours actually caused or suffered to work and the corresponding correct amounts of pay at the requisite agreed and legal rate as required by California Labor Code §§ 226, *et seq*. Because of Defendants' failure to accurately record or track all hours worked by the CSAs and their failure to set forth all wages earned during the applicable pay periods, Plaintiff and members of the proposed Plaintiff Classes could not determine whether they were getting paid properly for all hours worked. Because Defendants failed to keep track of accurate hours worked, Plaintiff and members of the proposed Plaintiff Classes are entitled to reasonably estimate the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

amount worked as admissible evidence at trial. Also, since Defendants have no reasonable basis to believe that they were in compliance with any exemption to minimum wage or overtime, Plaintiff is informed and believes, and based thereon alleges, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated federal and California labor standards. Plaintiff and members of the Proposed Plaintiff Classes who were not provided accurate itemized wage statements in violation of California law are all part of the "California Wage Statement Subclass" as further alleged herein

j)    As a matter of course during all or a substantial portion of the proposed Relevant Time Periods, Plaintiff and each member of the proposed Plaintiff Classes who were terminated or separated from their employment from Defendants were not timely paid all wages due as required by Labor Code § 203. Also, since Defendants had no reasonable basis to believe that they were in compliance with applicable law, Plaintiff is informed and believes, and based thereon alleges, that Defendants acted willfully and with direct knowledge that their actions were unlawful and violated federal and California labor standards. Plaintiff and members of the proposed Plaintiff Classes who separated from their employment with Defendants during the proposed Relevant Time Periods and who were not timely paid all wages due are all part of the "California Waiting Time Subclass."

k)    Pursuant to the Private Attorneys General Act ("PAGA"), Plaintiff has also given notice to the California Labor and Workforce Development Agency ("LWDA") of the Labor Code violations alleged in this

**COLLECTIVE AND CLASS ACTION COMPLAINT**

complaint.  (A true and correct copy of the PAGA notice is attached hereto as Exhibit B.)  At the appropriate time, absent action by the LWDA or the California Division of Labor Standards Enforcement ("DLSE"), Plaintiff will file an amended complaint seeking all recoverable penalties for Labor Code violations as permitted and proscribed by the PAGA.  An amended complaint will include allegations and remedies available under Labor Code §§ 2699, 2699.5, and 2933.3, among others.  *See* Cal. Labor Code § 2933.3(a)(2)(C) ("Notwithstanding any other provisions of law, a plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part within 60 days of the time periods specified in this part.").

31.     Defendants unlawfully and willfully engaged in employment practices which essentially resulted in "wage theft."

32.     Defendants have willfully refused to pay Plaintiff and the members of the FLSA Class and each of the proposed California Subclasses the required minimum wage and overtime compensation for all hours worked, and has failed to keep time records as required by law.

33.     Defendants' practices violate the FLSA and California laws as pled herein.  Plaintiff, individually and on behalf of the CSAs, will seek declaratory relief, minimum wages, overtime compensation, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## V.     COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiff brings the First and Second Claims for Relief for violation of the FLSA as a collective action, pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all members of the FLSA Class.

35.     Plaintiff and the members of the FLSA Class are similarly situated in

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1  that they had substantially similar job classifications, requirements and pay

2  provisions, and were subject to Defendants' common practice, policy, or plan of

3  willfully and unlawfully misclassifying the CSAs as exempt, paying them a fixed

4  salary, and not paying the CSAs for all the hours they actually worked.  As a result,

5  the CSAs were not getting paid the federal minimum wage for all hours worked and

6  were not being paid overtime for all hours worked in excess 40 in a week.

7       36.     The First and Second Claims for Relief for violations of the FLSA may

8  be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the

9  FLSA, 29 U.S.C. § 216(b), since the claims of the Plaintiff are similar to the claims

10  of the members of the FLSA Class.  The FLSA Class is defined and comprises the

11  following:

12            FLSA CLASS:

13            All CSAs or similarly named employees performing substantially

14            identical functions and/or duties currently or formerly employed by

15            Defendants in the United States during the proposed FLSA Class

16            Period who were not paid the minimum wage or overtime for all

17            hours worked.

18

19       37.     The names, addresses and telephone numbers of the members of the

20  FLSA Class are available to Defendants, and notice should be provided to the

21  members of the FLSA Class via first class mail to their last address known as soon as

22  possible.

23       VI.    CALIFORNIA CLASS ACTION ALLEGATIONS

24       38.     Plaintiff brings the Second through Eighth Claims for Relief for

25  violation of California's wage-and-hour laws as a class action, pursuant to Rule 23(a),

26  (b)(2), and (b)(3), on behalf of all members of the California Class and is defined and

27  composed as follows:

28            CALIFORNIA CLASS:

COLLECTIVE AND CLASS ACTION COMPLAINT

All CSAs or similarly named employees performing substantially identical functions and/or duties currently or formerly employed by Defendants who work or performed work in California, and who were subject to Defendants' illegal policies and practices as alleged herein during the California Class Period.

39.    In the alternative, and for the convenience of the Court and the parties, Plaintiffs may seek to certify the following California Subclasses at the time the motion for class certification is filed:

**CALIFORNIA MINIMUM WAGE SUBCLASS:**

All members of the California Class who Defendants failed to pay the California minimum for each hour worked during the California Class Period.

**CALIFORNIA OVERTIME SUBCLASS:**

All members of the California Class who (1) worked in excess of eight hours per day and/or 40 hours per week; and (2) who Defendants failed to pay wages at the requisite overtime rates of pay for hours overtime worked during the California Class Period.

**CALIFORNIA MEAL PERIOD SUBCLASS:**

All members of the California Class who Defendants did not provide 30-minute, uninterrupted and duty-free meal periods for approximately every five hours worked, and who were not paid an additional hour of pay in lieu thereof during the California Class Period.

**CALIFORNIA REST PERIOD SUBCLASS:**

All members of the California Class who Defendants did not authorize or permit uninterrupted and duty-free 10-minute paid rest periods for approximately every four hours worked and who were not

**COLLECTIVE AND CLASS ACTION COMPLAINT**

paid an additional hour of pay in lieu thereof during the California Class Period.

**CALIFORNIA WAGE STATEMENT SUBCLASS:**

All members of the California Class who Defendants did not provide accurate itemized wage statements showing all hours actually caused or suffered to work and all wages earned during the California Class Period.

**CALIFORNIA WAITING TIME SUBCLASS:**

All members of the California Class who (1) from three-years prior to the filing of this complaint separated from Defendants' employment, and (2) who Defendants knowingly and willfully failed to pay any and all wages due within 72 hours of the time of the employee voluntarily or involuntarily ended their employment with Defendants during the California Class Period.

**CALIFORNIA UCL SUBCLASS:**

All members of the California Class who, from the period of four years prior to the commencement of this complaint until the commencement of trial, and who are owed restitution of unpaid wages resulting from Defendants' systematic violations of the FLSA, California Labor Code and/or applicable sections of pertinent IWC Wage Orders.

40.    Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Plaintiff Classes. In any event, Plaintiff will formally define and designate a class definition at such time when Plaintiff seeks to certify the Plaintiff Classes alleged herein.

**VII.  COMMON CLASS ACTION ALLEGATIONS FOR PROPOSED RULE 23 CALIFORNIA CLASS**

**COLLECTIVE AND CLASS ACTION COMPLAINT**

41.    **Numerosity [Rule 23(a)]:** The potential quantity of members of the proposed California Class and Subclasses as defined are so numerous that joinder of all members would be unfeasible and impractical.  Plaintiff is informed and believe that the total number of current and formerly employed members of the California Class exceeds 100.  The quantity and identity of such membership is readily ascertainable via inspection of Defendants' records.

42.    **Superiority [Rule 23(b)]:** The nature of this action and the nature of the laws available to Plaintiff make the use of the class action format particularly efficient and the appropriate procedure to afford relief to Plaintiff and the members of the California Class for the wrongs alleged herein, for the following reasons:

a)    The State of California, from which there is a named representative, has a public policy which encourages the use of the class action device.

b)    By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit both eliminates the possibility of repetitious litigation and provides small claimants with a method of obtaining redress for claims which would otherwise be too small to warrant individual litigation.

c)    This case involves a large number of individual class members with many relatively small claims and common issues of law and fact.

d)    If each individual member of the California Class was required to file an individual lawsuit, Defendants would necessarily gain an unconscionable advantage because Defendants would be able to exploit and overwhelm the limited resources of each individual member of the California Class with Defendants' vastly superior financial and legal resources.

e)    Requiring each individual member of the California Class to pursue an individual remedy would also discourage the assertion of lawful claims

**COLLECTIVE AND CLASS ACTION COMPLAINT**

by the members of the California Class who would be disinclined to pursue action against Defendants because of an appreciable and justifiable fear of retaliation and permanent damage to their lives, careers and well-being.

f)  Proof of a common business practice or factual pattern, of which the members of the California Class experienced, is representative of the Plaintiff Classes herein and will establish the right of each of the members of the Plaintiff Class to recover on the causes of action alleged herein.

g)  Absent class treatment, the prosecution of separate actions by the individual members of the California Class, even if possible, would likely create:

i)   a substantial risk of each individual plaintiff presenting in separate, duplicative proceedings the same or essentially similar arguments and evidence, including expert testimony;

ii)  a multiplicity of trials conducted at enormous expense to both the judicial system and the litigants;

iii) inconsistent or varying verdicts or adjudications with respect to the individual members of the Plaintiff Classes against Defendants;

iv)  potentially incompatible standards of conduct for Defendants; and

v)   potentially incompatible legal determinations with respect to individual members of the Plaintiff Classes which would, as a practical matter, are dispositive of the interest of the other members of the Plaintiff Classes who are not parties to the adjudications or which would substantially impair or impede

**COLLECTIVE AND CLASS ACTION COMPLAINT**

the ability of the members of the Plaintiff Classes to protect their interests.

h)  The claims of the individual members of the California Class are not sufficiently large to warrant vigorous individual prosecution, considering all of the concomitant costs and expenses attendant thereto.

i)  Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage any individual questions.

j)  Judicial precedent urges trial courts, which have an obligation to consider the use of innovative procedural tools to certify a manageable class, to be procedurally innovative in managing class actions.

43.  **Well-defined Community of Interest:** Plaintiff also meets the established standards for class certification as follows:

a)  **Typicality:** The claims of Plaintiff is typical of the claims of all members of the California Class and Subclasses she seeks to represent because all members of the California Class sustained injuries and damages arising out of Defendants' common course of conduct in violation of law and the injuries and damages of all members of the California Class were caused by Defendants' wrongful conduct in violation of law, as alleged herein.

b)  **Adequacy:** Plaintiff is an adequate representative of the proposed California Class and/or Subclasses she seeks to represent; will fairly protect the interests of the members of the California Class; has no interests antagonistic to the members of the California Class; and will vigorously pursue this suit via attorneys who are competent, skilled and experienced in litigating matters of this type.

c)  **Predominant Common Questions of Law or Fact:** There are common questions of law and/or fact as to the members of the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

California Class which predominate over questions affecting only individual members of the Plaintiff Classes, including, without limitation:

i)      Whether Defendants unlawfully failed to pay Plaintiff and the members of the California Class minimum wages in violation of California Labor Code § 1194;

ii)     Whether Defendants unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and the California Labor Codes and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, 1194, and applicable Wage Order, to the extent that California provides greater protection and employee legal rights in addition to the FLSA;

iii)    Whether Defendants failed and continue to fail to have a policy to provide compliant meal-and-rest periods and as such impeded, discouraged and/or dissuaded the members of the California Meal and Rest Period Subclasses from taking their legally requisite meal and rest periods in violation of the California Labor Code and applicable IWC Wage Order;

iv)     Whether Defendants unlawfully failed to furnish accurate itemized statements to the members of the California Wage Statement Subclass;

v)      Whether Defendants unlawfully failed to keep and furnish the California Class and its members with accurate records of hours worked;

vi)     Whether Defendants' policies and practices of failing to pay

**COLLECTIVE AND CLASS ACTION COMPLAINT**

their employees all wages due within the time required by law after their employment ended violates applicable state law and regulation, the proper measure of damages sustained, and the proper measure of restitution recoverable by members of the California Class;

vii)    Whether Defendants are liable pursuant to Labor Code § 203 for terminated or separated employees in the California Waiting Time Subclass;

viii)   Whether Defendants' conduct constitutes unfair competition, an unfair business practice and/or a deceptive business practice within the meaning of Business & Professions Code §§17200, *et seq.*, as to the California UCL Subclass;

ix)     Whether the members of the California Class are entitled to compensatory damages, and if so, the means of measuring such damages;

x)      Whether the members of the California Class are entitled to injunctive relief;

xi)     Whether the members of the California are entitled to restitution; and

xii)    Whether Defendants are liable for attorneys' fees and costs to the extent permitted by the FLSA, and/or state and local laws in California.

d)      **Manageability of Class and Common Proof:** The nature of this action and the nature of laws available to Plaintiff makes use of the class action format and procedure a particularly efficient and appropriate procedure to afford relief to Plaintiff and putative class members for the wrongs alleged herein.  Specifically, liability will turn upon Defendants' own

**COLLECTIVE AND CLASS ACTION COMPLAINT**

company-wide policies and practices which were uniformly applied to all CSAs during the Relevant Time Periods. Therefore, liability and damages are easily capable of being determined through manageable devices of common proof such as statistical random sampling, survey evidence based on scientific principles, representative testimony, documentary evidence and common practices/procedures of Defendants in treating each of the class members as a homogeneous group in the payment of their wages. Once the predominant issues of minimum wage compliance, overtime compensation, and meal-and-rest period violations are determined, then each of the derivative subclass claims and damages suffered by each member is capable of being shown by several means of common proof and limited by individual showings of entitlement to recovery that can be professionally administered and tailored to the facts and circumstances of this case.

44. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class and Subclasses. Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation.

45. Class certification of the Third through Eighth Claims for Relief is appropriate pursuant to Rule 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory relief with respect to the California Class and Subclasses as a whole.

46. Class certification of the Third through Eighth Claims for Relief is also appropriate under Rule 23(b)(3) because questions of law and fact common to the California Class and Subclasses predominate over any questions affecting only individual members of the California Class and Subclasses of this litigation. Defendants' policies and practices unlawfully treated members of the California Class

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and Subclasses in a uniform fashion.

47.    Plaintiff intends to send notice to all members of the California Class and Subclasses to the extent required by Rule 23 and each will be given an opportunity to opt out of the proceedings.

## VIII. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**(Violation of the Federal Minimum Wage Requirements)**

**(Fair Labor Standards Act, 29 U.S.C. § 206)**

**(Brought by Plaintiff on Behalf of Herself and Members of the FLSA Class Against all Defendants)**

48.    Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

49.    At all relevant times, Defendants were "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendants employed "employee[s]," including Plaintiff and each of the members of the FLSA Class. At all relevant times, Defendants had gross operating revenues in excess of $500,000.

50.    Attached hereto as Exhibit A is the Consent to Join Form signed by Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

51.    The FLSA requires each covered employer such as Defendants, to compensate all nonexempt employees at a rate of not less than the federal minimum wage during the FLSA Class Period.

52.    At all relevant times, Defendants, pursuant to their uniform, systematic and non-individualized policies and practices as set forth above, failed

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and refused to pay the minimum wage to the members of the FLSA Class for all of their non-overtime hours worked.

53.   By failing to pay Plaintiff, and the members of the FLSA Class, at a rate not less than the minimum wage for all non-overtime hours worked, Defendants violated the FLSA, 29 U.S.C. § 206.

54.   The foregoing conduct, as set forth above, constitutes a willful violation of the FLSA within the meaning of the § 29 U.S.C. 255(a).

55.   Plaintiff, on behalf of herself and the members of the FLSA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

56.   Plaintiff, on behalf of herself and the members of the FLSA Class, seeks damages in the amount of their respective unpaid minimum wage compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAM FOR RELIEF

### (Violation of the Federal Overtime Requirements)

### (Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*)

### (Brought by Plaintiff on Behalf of Herself and Members of the FLSA Class Against all Defendants)

57.   Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

58.   The FLSA requires each covered employer, such as Defendants, to compensate all nonexempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

59.   At all relevant times, Defendants, pursuant to their uniform, systematic and non-individualized policies and practices as set forth above, failed and refused to

**COLLECTIVE AND CLASS ACTION COMPLAINT**

pay overtime premiums to the FLSA Class for all of their hours worked in excess of 40 hours per week.

60.    By failing to compensate Plaintiff, and the members of the FLSA Class, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendants violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

61.    By failing to record, report, and/or preserve records of hours worked by Plaintiff and the members of the FLSA Class, Defendants failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

62.    The foregoing conduct, as set forth above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

63.    Plaintiff, on behalf of herself and the members of the FLSA Class, seeks recovery of attorneys' fees and costs of action to be paid by Defendants, as provided by the FLSA, 29 U.S.C. § 216(b).

64.    Plaintiff, on behalf of herself and members of the FLSA Class, seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**(Violation of California's Minimum Wage Requirements)**

**(Cal. Lab. Code §§ 200, 218 and 1194)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Class or, in the Alternative, California Minimum Wage Subclass Against all Defendants)**

65.    Plaintiff realleges and incorporates by this reference each of the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

preceding and foregoing paragraphs as if fully set forth herein.

66.    In addition to the FLSA, Plaintiff seeks to represent the proposed Rule 23 California Class or, in the alternative, the California Minimum Wage Subclass as a basis to enforce equal or greater protections for wages owed that are offered by various California labor laws and local regulations as set forth herein. Because the practices alleged herein are uniform, systematic and continuous and affect each member of the California Class in a legally identical way, Plaintiff, at the appropriate time, will move to certify the Rule 23 California Class and/or California Minimum Wage Subclass to the extent permitted by Rule 23.

67.    Under Labor Code § 1194, employees must be separately paid an hourly wage for each and every hour worked. *Balasanyan v. Nordstrom, Inc.,* 913 F.Supp.2d 1001, 1007 (S.D. Cal. Dec. 20, 2012).  A California employer cannot average an employee's compensation over the total number of hours worked to determine compliance with minimum wage obligations. *Armenta v. Osmose, Inc.,* 135 Cal.App.4th 314, 323-324 (2005) (employees must be compensated the minimum wage for "non-productive time"); *Cardenas v. McLane FoodServices, Inc.,* 796 F.Supp.2d 1246, 1252-1253 (C.D. Cal. Jul. 8, 2011) (employees must be paid a separate hourly rate for pre-and-post shift duties not covered by the piece-rate formula); *Balasanyan, supra,* 913 F.Supp.2d at p. 1007; *Gonzalez v. Downtown LA Motors, LP,* 215 Cal.App.4th 36, 48-49 (2013) (employees paid on a piece-rate basis must be paid a separate hourly rate for "non-repair tasks").  "The *Armenta* line of cases is quite clear: employees must be directly compensated at least minimum wage for all time spent on activities that do not allow them to *directly* earn wages." *Balasanyan, supra,* 913 F.Supp.2d at 1007 (emphasis added).  And more recently, the California Supreme Court held that commissions earned in one pay period cannot be reassigned to other pay periods to meet California's strict wage and hour requirements. *Peabody v. Time Warner Cable,*

**COLLECTIVE AND CLASS ACTION COMPLAINT**

*Inc.*, 174 Cal.Rptr.3d 287 (2014), 328 P.3d 1028 (2014).

68.    Plaintiff and the proposed California Class were at all times subject to California's laws and regulations protecting the employees' entitlement to be paid and presumption to be paid an hourly wage for each and every hour worked.

69.    As set forth above, California law requires employers, such as Defendants, to pay a separately hourly wage to all nonexempt employees for each and every hour worked.  Labor Code § 1194 provides that employees are entitled to wages and compensation for work performed, at the legal rate, including straight time, overtime, and double time.

70.    Labor Codes §§ 218, 1194(a) and 1194.2(a) provide that an employee who has not been paid the legal wage may recover the unpaid balance and together with attorney's fees and costs of suit, as well as liquidated damages in an amount equal to the wages unpaid and interest thereon.

71.    At all relevant times herein, Defendants were required to compensate Plaintiff and the members of the California Class for all hours worked pursuant to Labor Code § 1194.

72.    By uniformly misclassifying members of the California Class as exempt employees and paying them a fixed salary, regardless of the amount of hours actually worked, Defendants were able to skim wages from employees by not paying them a separately hourly wage for each and every hour worked as clearly required by California law.  Through this unlawful and illegal policy and practice, Defendants have failed to pay Plaintiff and the California Minimum Wage Subclass all wages owed to them.

73.    By the course of conduct set forth above, Defendants violated the minimum wage requirements as set forth in Labor Code §§ 218 and 1194.

74.    Plaintiff is informed and believes and based thereupon allege that the result of the unlawful and illegal policy and practice caused damage in the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

nonpayment of minimum wages to herself and the proposed California and/or California Minimum Wage Subclass, in an amount according to proof at trial.

75.    Plaintiff is informed and believes that the nonpayment of wages is fixed and ascertainable on a classwide basis such that prejudgment interest on those wages is recoverable.

76.    Plaintiff is informed and believes that the nonpayment of minimum wages for all hours worked also entitles Plaintiff and the proposed California Class and/or California Minimum Wage Subclass to attorneys' fees and costs, and liquidated damages in an amount equal to the amount unlawfully unpaid according to Labor Code § 1194.2.

## FOURTH CLAIM FOR RELIEF

### (Violation of California's Overtime Laws)

### (Cal. Lab. Code §§ 510 and 1194)

**(Brought by Plaintiff on Behalf of Herself and Members of the California Class or, in the Alternative, California Overtime Subclass Against all Defendants)**

77.    Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

78.    In addition to the FLSA, Plaintiff seeks to represent the proposed California Class or, in the alternative, California Overtime Subclass as a basis to enforce equal or greater protections for wages owed that are offered by California labor laws and local regulations as set forth herein.  Because the practices alleged herein are uniform, systematic and continuous and affect each proposed member of the California Class in a legally identical way, Plaintiff, at the appropriate time will move to certify the California Class and/or California Overtime Subclass to the extent permitted by Rule 23.

79.    Plaintiff and the proposed California Class were at all times subject to state laws and regulations protecting the employees' entitlement to be paid and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

presumption to be paid overtime wages for requisite hours worked beyond a normal work day or a normal work week, as specified, without limitation, by Cal. Labor Code §§ 510, 1194 and applicable California Code of Regulations.

80.     During the California Class Period, the CSAs were primarily engaged in the Nonexempt Duties.  The CSAs were neither managers, administrative, nor professional employees.  No known exemptions to overtime apply to the CSAs. Indeed, other financial services company treat CSAs as nonexempt employees. Accordingly, the CSAs were entitled to overtime during the California Class Period.

81.     California law requires employers, such as Defendants, to pay overtime compensation to all nonexempt employees for all hours worked over 40 hours per week, or over 8 hours per day.  Labor Code § 204 establishes the fundamental right of all employees in California to be paid wages, including straight time and overtime, in a timely fashion for their work.  This precludes any waiver for unpaid due and owing wages that remain unpaid at the time of separation.

82.     Labor Code § 510(a) states in pertinent part: "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek … shall be compensated at the rate of no less than one and one-half times the regular rate of pay for any employee."

83.     Pursuant to Labor Code §1198, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the IWC Wage Order(s).

84.     As set forth above, Plaintiff and the members of the California Class were entitled to be paid overtime compensation for all overtime hours worked. Plaintiff, and each of them, were regularly required and did work more than eight hours in a day and more than 40 hours in a week during the proposed California Class Period, but were denied payment of overtime or premium wages because Defendants uniformly, and as a matter of company-wide policy, misclassified the CSAs as exempt

**COLLECTIVE AND CLASS ACTION COMPLAINT**

employees, paid them a fixed salary, and excluded them from overtime compensation.

85.    Throughout the California Class Period, Plaintiff and members of the California Class worked in excess of 8 hours in a workday and/or 40 hours in a workweek.

86.    During the California Class Period, Defendants did not pay Plaintiff and members of the California Class overtime pay for all overtime hours worked.

87.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and members of the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**FIFTH CLAIM FOR RELIEF**

**(Violation of California's Meal-and-Rest Break Requirements)**

**(Cal. Lab. Code §§ 226.7, 512 and Applicable IWC Wage Order)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Class or, in the Alternative, California Meal-and-Rest Subclasses Against all Defendants)**

88.    Plaintiff realleges and incorporates by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

89.    Labor Code § 226.7(b) provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission …"

90.    Labor Code § 512(a) provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be

**COLLECTIVE AND CLASS ACTION COMPLAINT**

waived by mutual consent of both the employer and employee."

91.    Labor Code § 512(a) further provides that "[a]n employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

92.    Labor Code § 516 provides that the Industrial Welfare Commission may adopt or amend working condition orders with respect to meal periods for any workers in California consistent with the health and welfare of those workers.

93.    Section 11(A) of the applicable IWC Wage Order provides that "[u]nless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked."  An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  "The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

94.    Section 11(B) of the IWC Wage Order(s) provides that "[i]f an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided."

95.    The members of the California Meal Period Subclass consistently worked over five hours per shift and therefore were entitled to a meal period of not less than 30 minutes prior to exceeding five hours of employment.

96.    The members of the California Meal Period Subclass did not waive their meal periods by mutual consent with Defendants or otherwise.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

97.    The members of the California Meal Period Subclass did not enter into any written agreement with Defendants agreeing to an on-the-job paid meal period.

98.    Similarly, Plaintiff and members of the proposed California Rest Period Subclass were entitled to be authorized and permitted paid, duty-free, uninterrupted 10 minute rest periods for every four hours worked (or every major fraction thereof) or be paid for one hour of "premium wage" at the employee's regular rate of pay for each day that a rest period was not authorized, permitted or otherwise compliant with applicable law.

99.    Defendants failed to comply with the required meal periods and rest periods established by Labor Code §§ 226.7, 512, 516 and Section 11 and 12 of the applicable IWC Wage Order.

100.    Defendants had no policy or procedure to provide the members of the California Meal Period Subclass with a legal meal period and as such impeded, discouraged and/or dissuaded the members of the California Meal Period Subclass from taking legal meal periods.  Defendants further had no policy or procedure to provide, authorize or permit compliant rest periods, nor did it pay a "premium wage" for missed, short, late or interrupted rest periods.

101.    Further, Defendants knew or should have known that the members of the California Meal Period Subclass and/or the Rest Period Subclass were working during their meal periods and/or rest periods, but Defendants did not take steps to address the situation and, instead, permitted Plaintiff and the members of the California Meal Period Subclass and/or the Rest Period Subclass to continue to work for the benefit of Defendants.

102.    Therefore, the members of the California Meal Period Subclass and the Rest Period Subclass were effectively deprived of their legally requisite meal-and-rest periods.

103.    Pursuant to Section 11(B) and Section 12 of the applicable IWC Wage

**COLLECTIVE AND CLASS ACTION COMPLAINT**

Order and Labor Code §226.7(c) – which states "[i]f an employer fails to provide an employee a meal or rest … period in accordance with a state law …, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest … period is not provided" – the members of the California Meal Period and Rest Period Subclasses are entitled to damages in an amount equal to one additional hour of pay at each employee's regular rate of compensation for each work day that the meal or rest period was not provided, in a sum to be proven at trial.

104.  Pursuant to Labor Code § 218.6 and Civil Code § 3287, the members of the California Meal Period Subclass and the Rest Period Subclass seek recovery of prejudgment interest on all amounts recovered herein.

105.  Plaintiffs limit the recovery of "premium wages" to one hour of pay per day for any missed, short, late, or uninterrupted meal period and to one hour of pay for each employee at their respective regular rate of pay for any hour of pay for each employee at their respective regular rate of pay for any missed, short, late, or uninterrupted rest period, as demonstrated by the Division of Labor Standards Enforcement Policy Manual guidelines, for a maximum recovery of two premium wages payment per employee per day.

## SIXTH CLAIM FOR RELIEF

**(Failure to Provide Accurate Wage Statements)**

**(Cal. Lab. Code §§ 226, 1174, 1174.5, Applicable IWC Wage Order, and California Code of Regulations)**

**(Brought by Plaintiff on Behalf of Herself and Members of the California Class or, in the Alternative, California Wage Statement Subclass Against all Defendants)**

106.  Plaintiff realleges and incorporate by this reference each of the preceding and foregoing paragraphs as if fully set forth herein.

COLLECTIVE AND CLASS ACTION COMPLAINT

107.   Defendants knowingly and intentionally failed to provide accurate, itemized wage statements including, *inter alia*, total hours worked, all gross and net wages earned, and applicable hourly rates for each hour worked, to Plaintiff and the members of the California Class or, in the alternative, California Wage Statement Subclass in accordance with Labor Code § 226(a) and applicable IWC Wage Order.

108.   Labor Code § 226(a) states, in pertinent part, that "[e]very employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee …, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid …, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee …"

109.   Labor Code § 226(e)(1) states that "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees."

110.   Labor Code § 226(e)(2)(A) states that "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide a wage statement."

111.   Labor Code § 226(e)(2)(B) states "[a]n employee is deemed to suffer injury for purposes of this subdivision if the employer fails to provide accurate and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

complete information as required by any one or more of items (1) to (9), inclusive, of subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a)."

112.   Labor Code § 226(e)(2)(C) defines "promptly and easily determine" to mean "a reasonable person would be able to readily ascertain the information without reference to other documents or information."

113.   Labor Code § 226(e)(3) states that the phrase "knowing and intentional failure" "does not include an isolated and unintentional payroll error due to a clerical or inadvertent mistake."

114.   From the outset, Defendants have failed to comply with Labor Code § 226.  As a matter of common policy and practice, Defendants did not include all the hours worked by the CSAs in the wage statements.  And, as a result, Defendants did not include the accurate gross and net wages earned by the CSAs.  In addition, the wage statements do not include payments for meal-and-rest break violations.  These knowing and intentional omissions by Defendants caused Plaintiff and members of the California Wage Statement Subclass to suffer "injury" by, among other things, impeding them from knowing the amount of wages to which they are and were entitled, and precluding them from knowing or determining how many hours they actually worked.

115.   At all times relevant herein, Defendants failed to maintain records of hours worked by Plaintiffs and the members of the California Class as required under Labor Code § 1174(d).

116.   Plaintiff and members of the California Class seek (i) injunctive relief requiring Defendants to comply with Labor Code §§ 226(a) and 1174(d), (ii) the

**COLLECTIVE AND CLASS ACTION COMPLAINT**

amounts provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, and (iii) attorneys' fees and costs.

## SEVENTH CLAIM FOR RELIEF

### (Violation of California's Timely Payment Requirements)

### (Cal. Lab. Code §§ 201, 202, and 203)

### (Brought by Plaintiff on Behalf of Herself and Members of the California Class or, in the Alternative, California Waiting Time Subclass Against all Defendants)

117.   Plaintiff realleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

118.   California Labor Code §§ 201 and 202 require Defendants to pay their employees all wages due within the time specified by law.  California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of 30 days of wages.

119.   All members of the California Class who ceased employment with Defendants are entitled to unpaid compensation, but to date have not received such compensation.

120.   More than 30 days have passed since certain members of the California Waiting Time Subclass left Defendants' employ.

121.   As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the members of the California Class whose employment ended during the California Class Period are entitled to 30 days' wages under Labor Code § 203, together with interest thereon, and attorneys' fees and costs.

## EIGHTH CLAIM FOR RELIEF

### COLLECTIVE AND CLASS ACTION COMPLAINT

**(Violation of California's Unfair Competition Law)**

**(Cal. Bus. & Prof. Code §§ 17200,** *et seq.***)**

**(Brought by Plaintiff on Behalf of Herself and the Members of the California Class or, in the Alternative, California UCL Subclass Against all Defendants)**

122.  Plaintiff realleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

123.  Defendants' failure to (i) pay a separate hourly wage for each and every hour worked, (ii) all overtime wages for all work performed, (iii) premium wages for noncompliant meal-and-rest periods, (iv) provide accurate wage statements, and (v) timely pay wages constitutes unlawful activity, acts and practices that are prohibited by Business & Professions Code §§ 17200, *et seq.*  The actions of Defendants described above constitute unlawful, unfair, fraudulent and deceptive business practices within the meaning of Business & Professions Code §§ 17200, *et seq*. Defendants have violated not only the FLSA in regards to minimum wage and overtime, but also multiple provisions of California law and applicable regulations and Orders of the IWC, that have the same force and effect of a violation of law.  This includes, without limitation, 29 U.S.C §§ 201, *et seq.*, and California Labor Code §§ 210-203, 226, 226.7, 227.3, 558, 1194, and 1198, which serve as statutory predicates for which restitution and disgorgement are owed by Defendants.

124.  Plaintiff and members of the California UCL Subclass are entitled to an injunction, restitution, and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.

125.  As a result of these unlawful acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and the members of the California Class, and the proposed FLSA Class.  Defendants should be enjoined from this activity and make restitution for these ill-gotten gains to restore to Plaintiff

**COLLECTIVE AND CLASS ACTION COMPLAINT**

and the members of the Plaintiff Classes the wrongfully underpaid wages and overtime pursuant to Business & Professions Code § 17203 and specific performance of payment of penalties ordered under Business & Professions Code § 17202.

126. Plaintiff is informed and believes, and based thereon alleges, that Defendants are unjustly enriched through the acts described above and that she and the proposed California Class have and continue to suffer irreparable prejudice by Defendants' unfair practices. Further, by engaging in such activities, Defendants are illegally operating at an advantage to other law-abiding employers in California and underpaying payroll and other applicable taxes that are collected by the State and local governmental entities in California.

127. The illegal conduct alleged herein is continuing, and there is no indication that Defendants will not continue such activity into the future. Plaintiff alleges that if Defendants are not enjoined from the conduct set forth in this complaint, it will continue to fail to pay all minimum wages, overtime wages, fail to pay premium wages for meal-and-rest violations, and fail to pay and avoid paying appropriate taxes, insurance, and unemployment withholdings.

128. Plaintiff will request that the Court issue a preliminary and permanent injunction prohibiting Defendants from continuing to fail to fully pay all appropriate hourly and overtime wages, all wages due at termination, and requiring Defendants to provide accurate hourly wage statements.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of the Plaintiff Classes he seeks to represent, pray for relief as follows:

1.    For an order certifying that the First and Second Claims for Relief may be maintained as a collective action pursuant to 29 U.S.C. § 216(b) and that prompt notice of this action be issued to potential members of the opt-in FLSA Class, apprising them of the pendency of this action, and

**COLLECTIVE AND CLASS ACTION COMPLAINT**

permitting them to assert timely FLSA claims;

2.  For an order certifying that the Second through Eighth Claims for Relief be maintained as a class action pursuant to Rule 23 on behalf of the members of the California Class and/or California Subclasses who were either employed or who performed work here in California within the last four years of the filing of this complaint and that notice of the pendency of this action be provided to members of the California Class;

3.  Designation of Plaintiff as the Class Representative for both the FLSA Class and California Class and/or California Subclasses and Plaintiff's attorneys as Class Counsel for both the FLSA Class and California Class and/or California Subclasses;

4.  A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

5.  Appropriate equitable relief to remedy Defendants' violations of state law including, but not necessarily limited to, an order enjoining Defendants from continuing its unlawful practices;

6.  For an award of unpaid wages and liquidated damages in an amount equal to the amount unlawfully unpaid pursuant to the FLSA and California Labor Code §§ 218, 1194 and 1194.2;

7.  For an award of unpaid federal minimum wages for each hour worked as required by the FLSA, 29 U.S.C. §206;

8.  For an award of unpaid California minimum wages for each hour worked as required by California Labor Code § 1194;

9.  All unpaid overtime as calculated by the applicable provision of the FLSA, 29 U.S.C. §§ 201 *et seq.*, and applicable regulations promulgated in the Code of Federal Regulations and/or opinions and directives of the Department of Labor;

**COLLECTIVE AND CLASS ACTION COMPLAINT**

10.    All appropriate state and federal statutory penalties;

11.    An award of compensatory damages to the extent available, liquidated damages pursuant to the FLSA, and restitution to be paid by Defendants according to proof;

12.    Unpaid overtime premium compensation as provided by California law for overtime hours worked;

13.    Compensation at the rate of one hour of regular pay for each instance in which a member of the California Class worked through a rest break or was not provided a proper rest break for every four hours worked;

14.    Compensation at the rate of one hour of regular pay for each instance in which a member of the California Class worked through a meal period or was not given a proper meal period;

15.    Labor Code § 203 penalties;

16.    Damages and penalties pursuant to Labor Code §§ 226(a) and 226.3;

17.    For an order that Defendants make restitution to Plaintiff and the California Class due to its unlawful business practices, including unlawfully-collected compensation pursuant to California Business & Professions Code §§ 17203 and 17204;

18.    Pre-judgment and post-judgment interest, as provided by law;

19.    Such other equitable relief as the Court may deem just and proper; and

20.    Attorneys' fees and costs of suit, including expert fees and fees pursuant to California Labor Code §§ 218.5, 226, 1194, California Code of Civil Procedure § 1021.5, and other applicable state laws and as permitted by the FLSA.

**COLLECTIVE AND CLASS ACTION COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they each have a state and/or federal constitutional a right to jury trial.

Dated: February 7, 2018                    **BISNAR | CHASE LLP**


By: /s/ Jerusalem F. Beligan
    Brian D. Chase
    Jerusalem F. Beligan
    Daniel J. Hyun
Attorneys for Plaintiff and Putative Classes

**COLLECTIVE AND CLASS ACTION COMPLAINT**